UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: SEIZURE OF VARIOUS BUSINESS AND PERSONAL PROPERTY. | NO.  MC-07-0003-MWL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On April 13, 2007, this Court issued an Order on Innotek Corporation's ("Innotek's"), March 2, 2007 motion for an order directing the Federal Bureau of Investigation ("FBI") to return all seized business and personal property regarding FBI File No. 318E-SE-92451 (Ct. Rec. 1). (Ct. Rec. 4). The Court ordered that because the Federal Rules of Criminal Procedure did not govern the action, and the Court refrained from invoking its "anomalous jurisdiction," the motion was denied and the case was dismissed for lack of jurisdiction. (Ct. Rec. 4).

On April 27, 2007, Mr. Finer, attorney for Innotek, filed a motion for reconsideration of the April 13, 2007 order dismissing the case for lack of jurisdiction. (Ct. Rec. 5). Innotek seeks this Court's reconsideration of its order of dismissal.

ORDER - 1

It is a basic principle of federal practice that "courts generally . . . refuse to reopen what has been decided . . . ." *Messinger v. Anderson,* 225 U.S. 436, 444 (1912); *see, Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). However, reconsideration is appropriate if the Court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994); *see, also, Alliance for Cannabis Therapeutics v. D.E.A.,* 15 F.3d 1131, 1134 (D.C. Cir. 1994). There may also be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Accordingly, a party seeking reconsideration must

ORDER - 2

demonstrate what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.

Innotek has demonstrated no different facts or circumstances, newly discovered evidence, clear error or change in controlling law to warrant reconsideration. Innotek simply provides new argument and asks this Court to change its mind.

The Court has reviewed Innotek's argument and supporting papers in its motion for reconsideration. As previously indicated by the Court, since there are no criminal proceedings pending against Innotek,[1] the Court may not review Innotek's claim, absent the Court's invocation of its "anomolous jurisdiction." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993). The Ninth Circuit has recognized an inherent power of the district court, termed "anomalous jurisdiction" to permit review of a pre-indictment motion to return property seized by the government. *Ramsden*, 2 F.3d at 324. The Court has considered the four *Ramsden* factors[2] in light of Innotek's new argument and finds no basis to change its mind with respect to its power to determine the merits of the initial motion (Ct. Rec. 1) under its "anomalous jurisdiction."

---

[1] The Federal Rules of Criminal Procedure do not apply when there are no pending criminal proceedings. The United States is currently conducting an ongoing investigation of Innotek, but apparently no criminal proceedings have been initiated at this time by the United States against or involving Innotek.

[2] The Court has considered the following four factors provided in *Ramsden*: 1) whether the government displayed a callous disregard for the constitutional rights of Innotek; 2) whether Innotek has an individual interest in and need for the property it wants returned; 3) whether Innotek would be irreparably injured by denying the return of the property; and 4) whether Innotek has an adequate remedy at law for the redress of its grievance. *Ramsden*, 2 F.3d at 324-325.

ORDER - 3

The government appropriately sought and obtained a warrant(s) from Magistrate Judge Imbrogno prior to seizing the evidence at issue. This Court has reviewed the sealed affidavit(s) and warrant(s) at issue in this case, and, from this Court's review, there appears to be sufficient evidence to establish probable cause to issue the search and seizure warrant(s). There has been no showing by Innotek that the seizure at issue was unlawful or that the government violated Innotek's Fourth Amendment rights (Ct. Rec. 7, pp. 2-4), and no evidence has been presented that shows that the government displayed a callous disregard for Innotek's constitutional rights.

Although it appears that Innotek may have a valid interest in a return of its property, Innotek has not established that it will suffer "irreparable" injury if the seized property is not returned. Innotek alleges that its competitive position in the market may be eroded by the delay of the return of its property (Ct. Rec. 7, pp. 4-5); however, there has been no showing that this alleged harm is irreparable.

Finally, Innotek fails to show that it will not have the opportunity to challenge the seizure of the property and/or request its return at a later date. If the government initiates criminal proceedings, Innotek may challenge the seizure of the property and seek redress before the Court at that time. While Innotek complains that it will have "no remedy" for its potential loss if no formal charges are brought by the government (Ct. Rec. 7, p. 5), this Court does not agree. There are other avenues for redress, outside of the criminal arena, should Innotek elect to pursue them.

ORDER - 4

After reconsidering the factors provided in *Ramsden*, in conjunction with Innotek's newly provided argument, the undersigned concludes that no rationale has been provided that results in a change of his mind with respect to the power to determine the merits of Innotek's initial motion (Ct. Rec. 1) under its "anomalous jurisdiction." Accordingly, Innotek's motion for reconsideration (**Ct. Rec. 5**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Mr. Finer and Assistant United States Attorney K. Jill Bolton.

**DATED** this         29th         day of May, 2007.

                              S/Michael W. Leavitt
                              MICHAEL W. LEAVITT
                              UNITED STATES MAGISTRATE JUDGE

ORDER - 5